**FILED**
**FEBRUARY 13, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 926**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DEBORAH SAVAGE,** | |
| Plaintiff, | No. |
| v. | |
| **HEXION SPECIALTY CHEMICALS, INC.,** | **Jury Trial Requested** |
| Defendant. | |

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE COX**

## COMPLAINT

NOW COMES Plaintiff, DEBORAH SAVAGE, by and through her counsel, LISA KANE & ASSOCIATES, P.C., complaining of Defendant, HEXION SPECIALTY CHEMICALS, INC., states as follows:

### PRELIMINARY STATEMENT

1. This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, DEBORAH SAVAGE, is a female United States citizen who resides in Illinois.

5. Defendant, HEXION SPECIALTY CHEMICALS, INC., is a New Jersey corporation which has continuously and does now employ more than fifteen employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b).

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on January 23, 2008, at which time Plaintiff requested a Notice of Right to Sue. The EEOC issued Plaintiff a Notice of Right to Sue on February 6, 2008, which Plaintiff received on February 8, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – TITLE VII - GENDER DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant's predecessor in 1981 as a Shipping and Receiving Clerk, and in approximately 1989 was promoted to the position of Chemical Technician.

9. Throughout her twenty-six (26) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, raises, and promotion, and any assertion

to the contrary is a pretext for discrimination.

10. Throughout her career, Plaintiff has been assigned to the Carpentersville location. During this period, Plaintiff was the only female technician consistently employed at her assigned location out of approximately seventy (70) other individuals on the plant floor.

11. In approximately 2006, following a reorganization, Plaintiff was placed under the management of Sterling Gordan, Production Assistant. Since her assignment to Production Assistant Gordan, Plaintiff has been held to a higher standard in the terms and conditions of her employment than her similarly situated male co-workers, including but not limited to Bob Bronkala, Joe Gardner, Reisel Wallace, and Brent Bollman. Examples of such disparate treatment follow.

12. Since 2006, Defendant has harassed Plaintiff in a manner that was detrimental to her professional career with Defendant by scrutinizing Plaintiff's daily activities and routinely criticizing her for minor or non-existent errors in a manner not afforded to her male co-workers.

13. In June 2007, the disparate scrutiny imposed on Plaintiff resulted in the issuance of a performance improvement plan that was not issued to Plaintiff's similarly-situated male co-workers, despite committing the same, more numerous, or far more egregious errors and violations.

14. At the Carpentersville facility, Chemical Technicians and other workers frequently use fork-lifts to move heavy or cumbersome objects.

15. On December 12, 2007, Defendant assigned Plaintiff to remove chemicals from a drum. Although the drum was only about ten to twelve (10-12) feet away from the pumping station, as it weighed in excess of four hundred (400) pounds Plaintiff used a fork-lift to move the object the short distance.

16. Plaintiff, who is fully licensed on the use of fork-lifts, was able to move the drum the

approximately ten to twelve feet without any incident or accident.

17. Despite completing this task without any incident, in a meeting with Chuck Dobler, Site Manager; Marty Goodman, Production Manager; Sterling Gordan, Production Assistant; and Human Resources Representative Debbie on January 3, 2008, over three (3) weeks following her use of the forklift, Defendant terminated Plaintiff for the purported reason of a failure to use a seat-belt while operating the vehicle.

18. In contrast to Plaintiff, the approximately seventy (70) other male technicians in the plant area, including Plaintiff's similarly situated co-workers, frequently do not wear seat-belts and commit other safety violations without discipline, punishment, or termination.

19. The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on her gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

20. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DEBORAH SAVAGE, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any

employment practice which unlawfully discriminates on the basis of gender;

C. Order Defendant to make whole DEBORAH SAVAGE by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to DEBORAH SAVAGE;

F. Grant Plaintiff her attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

21. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

          Respectfully submitted,
          DEBORAH SAVAGE, Plaintiff,


    By: s/Lisa Kane
          Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorney for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093