### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| Deborah Savage, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Case No. 1:08-cv-00926 |
| vs. | ) |
|  | ) Judge Wayne R. Anderson |
| Hexion Specialty Chemicals, Inc., | ) |
|  | ) |
| Defendant. | ) |

## ANSWER AND SEPARATE OR AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Hexion Specialty Chemicals, Inc. ("Hexion" or "Defendant"), by and through its counsel, Sidley Austin LLP, and in answer to Plaintiff's Complaint, states as follows:

1.    This action seeks redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.  Plaintiff seeks mandatory injunctive relief and damages to redress discriminatory employment practices engaged in by Defendant.

**Answer to Paragraph 1:**  Defendant is without information or

knowledge as to the relief Plaintiff "seeks" by virtue of this action, and therefore

denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**Answer to Paragraph 2:**  Defendant admits that this Court has

jurisdiction pursuant to 28 U.S.C. § 1331.  Defendant is without information or

knowledge as to the relief Plaintiff "seeks" by virtue of this action, and therefore

denies the allegations contained in the last sentence of Paragraph 2 of Plaintiff's

Complaint.  Defendant denies the remaining allegations contained in Paragraph 2

of Plaintiff's Complaint.

3.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**Answer to Paragraph 3:**  Defendant admits that venue is technically

proper in the Northern District of Illinois.  Any remaining allegations in Paragraph

3 of Plaintiff's Complaint are denied.

4.      Plaintiff, DEBORAH SAVAGE, is a female United States citizen
who resides in Illinois.

**Answer to Paragraph 4**:  Defendant admits that Plaintiff Deborah

Savage is a female who, based on her employment record, is a United States citizen

and resided in Illinois during her employment with Hexion.

5.      Defendant, HEXION SPECIALTY CHEMICALS, INC., is a New
Jersey corporation which has continuously and does now employ more than fifteen
employees, and at all relevant times did, and continues to do business in Illinois.
Defendant is engaged in an industry that affects commerce and is an employer for
purposes of 42 U.S.C. § 2000e(b).

**Answer to Paragraph 5:**  Defendant admits the allegations

contained in Paragraph 5 of Plaintiff's Complaint.

6.      Plaintiff filed a Charge of Discrimination against Defendant
with the Equal Employment Opportunity Commission ("EEOC") on January 23,
2008, at which time Plaintiff requested a Notice of Right to Sue.  The EEOC issued
Plaintiff a Notice of Right to Sue on February 6,  2008, which Plaintiff received on
February 8, 2008. The Notice of Right to Sue entitles Plaintiff to initiate a civil
action in the appropriate forum within ninety (90) days of receipt of said Notice.
Plaintiff initiated this action within said ninety (90) day period.

**Answer to Paragraph 6:** Defendant is without knowledge or information as to the allegations contained in the first sentence of Paragraph 6 of Plaintiff's Complaint, and therefore denies the same. Defendant admits that Plaintiff has attached to her Complaint what appears to be a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, dated February 6, 2008. Defendant admits that, based on the Notice of Right to Sue attached to Plaintiff's Complaint, it appears that Plaintiff initiated this action within the ninety (90) day period described in the Notice of Right to Sue. Any remaining allegations contained in Paragraph 6 are denied.

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**Answer to Paragraph 7:** Defendant hereby incorporates its answers to Paragraphs 1 through 6 of Plaintiff's Complaint as if fully set forth herein.

8. Plaintiff began working for Defendant's predecessor in 1981 as a Shipping and Receiving Clerk, and in approximately 1989 was promoted to the position of Chemical Technician.

**Answer to Paragraph 8:** Defendant admits that Plaintiff began working at the Carpentersville facility in 1981. Defendant is without knowledge or information as to the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

9. Throughout her twenty-six (26) year career with Defendant, Plaintiff has performed to and in excess of Defendant's reasonable satisfaction at any times material hereto, as evidenced by, without limitation, Plaintiff's performance evaluations, raises, and promotion, and any assertion to the contrary is a pretext for discrimination.

**Answer to Paragraph 9:**   Defendant denies the allegations

contained in Paragraph 9 of Plaintiff's Complaint.

10.     Throughout her career, Plaintiff has been assigned to the
Carpentersville location.  During this period, Plaintiff was the only female
technician consistently employed at her assigned location out of approximately
seventy (70) other individuals on the plant floor.

**Answer to Paragraph 10:**  Defendant admits that Plaintiff has

worked at the current Hexion location in Carpentersville, Illinois, since 1981.

Defendant admits that Plaintiff was assigned to work in the Polyester Blend

Building, and that between 2 and 5 people were assigned to work in the Polyester

Blend Building at all relevant times.  Defendant denies the remaining allegations

contained in Paragraph 10 of Plaintiff's Complaint.

11.     In approximately 2006, following a reorganization, Plaintiff was
placed under the management of Sterling Gordan, Production Assistant.  Since her
assignment to Production Assistant Gordan, Plaintiff has been held to a higher
standard in the terms and conditions of her employment than her similarly situated
male co-workers, including but not limited to Bob Bronkala, Joe Gardner, Reisel
Wallace, and Brent Bollman.  Examples of such disparate treatment follow.

**Answer to Paragraph 11:**  Defendant admits that, in approximately

2005, Sterling Gordon became Plaintiff's immediate supervisor.  Defendant denies

the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Since 2006, Defendant has harassed Plaintiff in a manner that
was detrimental to her professional career with Defendant by scrutinizing
Plaintiff's daily activities and routinely criticizing her for minor or non-existent
errors in a manner not afforded to her male co-workers.

**Answer to Paragraph 12**:  Defendant denies the allegations

contained in Paragraph 12 of Plaintiff's Complaint.

13.     In June 2007, the disparate scrutiny imposed on Plaintiff resulted in the issuance of a performance improvement plan that was not issued to Plaintiff's similarly-situated male co-workers, despite committing the same, more numerous, or far more egregious errors and violations.

**Answer to Paragraph 13:**  Defendant admits that it issued a three-month Performance Improvement Plan for Plaintiff in June 2007.  Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     At the Carpentersville facility, Chemical Technicians and other workers frequently use fork-lifts to move heavy or cumbersome objects.

**Answer to Paragraph 14:**  Defendant admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     On December 12, 2007, Defendant assigned Plaintiff to remove chemicals from a drum.  Although the drum was only about ten to twelve (10-12) feet away from the pumping station, as it weighed in excess of four hundred (400) pounds Plaintiff used a fork-lift to move the object the short distance.

**Answer to Paragraph 15:**  Defendant is without knowledge or information as to the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16.     Plaintiff, who is fully licensed on the use of fork-lifts, was able to move the drum the approximately ten to twelve feet without any incident or accident.

**Answer to Paragraph 16**:  Defendant is without knowledge or information as to the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17.     Despite completing this task without any incident, in a meeting with Chuck Dobler, Site Manager; Marty Goodman, Production Manager; Sterling

Gordan, Production Assistant; and Human Resources Representative Debbie on January 3, 2008, over three (3) weeks following her use of the forklift, Defendant terminated Plaintiff for the purported reason of a failure to use a seat-belt while operating the vehicle.

**Answer to Paragraph 17:**  Defendant admits that Plaintiff's employment with Defendant was terminated on January 3, 2008.  Defendant denies that Plaintiff was terminated solely for failure to use a seat-belt while operating a fork-lift.  Defendant further states that Plaintiff was terminated based on her repeated failure to follow safety and other operating procedures and policies. Defendant denies any remaining allegations contained in Paragraph 17.

18.    In contrast to Plaintiff, the approximately seventy (70) other male technicians in the plant area, including Plaintiff's similarly situated co-workers, frequently do not wear seat-belts and commit other safety violations without discipline, punishment, or termination.

**Answer to Paragraph 18:**  Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    The aforementioned acts and omissions of Defendant constitute unlawful and willful discrimination against Plaintiff based on her gender, female, in violation of Title VII of the Civil Rights Act of I 964, as amended, 42 U.S.C. § 2000e et seq.

**Answer to Paragraph 19:**  Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits.

**Answer to Paragraph 20:**  Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBORAH SAVAGE, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of gender;

C.     Order Defendant to make whole DEBORAH SAVAGE by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to DEBORAH SAVAGE;

F.     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**Answer to Prayer for Relief:**   In response to Plaintiff's prayer for relief, Defendant denies that Plaintiff is entitled to any of the relief sought.

21.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

**Answer to Paragraph 21:** Defendant admits that Plaintiff has requested a jury trial on all issues of fact and law raised by the allegations in this Complaint.

WHEREFORE, Defendant prays that Plaintiff's Complaint against it be dismissed; that Defendant be granted costs, fees, and expenses incurred herein; and that Defendant be granted such other relief as this Court may deem just and proper.

## AFFIRMATIVE OR SEPARATE DEFENSES

By asserting the following affirmative or separate defenses, Defendant does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these matters:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     To the extent that Plaintiff establishes any violation of Title VII by Defendant, which Defendant expressly denies, such violation was not willful.

3.     Plaintiff has failed to mitigate her damages.

4.     All of Defendant's actions and decision with respect to Plaintiff were based upon legitimate, non-discriminatory reasons, and/or upon reasonable factors other than gender and/or upon good cause.

5.     Defendant denies that it was motivated in whole or in part by illegal discriminatory animus in any decisions or actions concerning Plaintiff, but affirmatively pleads that it would have made the same decisions and taken the same actions irrespective of any unlawful motive.

6.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or failure to satisfy the procedural prerequisites to suit.

7.    The imposition of punitive and/or exemplary damages (i) constitutes an impermissible restriction on speech, in violation of the Illinois Constitution and the First Amendment to the United States Constitution; and (ii) violates Defendant's rights to due process and equal protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois Constitution.

8.    Plaintiff's claim for punitive damages cannot be sustained because (i) Illinois law regarding the standards for determining liability for punitive damages and the amount of punitive damages fails to give Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and is thus void for vagueness in violation of Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois constitution; (ii) Illinois has failed to establish necessary constitutional procedures to protect against the risk of a jury's awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties in violation of Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois Constitution; (iii) an award of punitive damages under Illinois law is subject to no predetermined limit,

such as a maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, and thus would violate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois Constitution; (iv) an award of punitive damages that allows Plaintiff to emphasize the corporate status of Defendant violates due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois Constitution; (v) an award of punitive damages made under a process that fails to bifurcate the issue of punitive damages from the remaining issues would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois Constitution.

9.    Plaintiff's claim for punitive damages cannot be sustained by a jury that (i) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (ii) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (iii) is not expressly prohibited from awarding punitive damages, or determining the amount of an award for punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of a defendant; (iv) is not expressly prohibited from awarding punitive damages, or determining the amount of an

award of punitive damages, in whole or in part directly on the basis of injury upon non-parties; (v) is not provided constitutionally adequate procedures to protect against the risk of an award of punitive damages that seeks to punish a defendant for having caused injury to others; (vi) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (vii) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for punitive damages; and (viii) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards.  An award of punitive damages under such circumstances would violate Defendants' due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and corresponding provisions of the Illinois Constitution.

10.     Defendant is entitled to a setoff for all amounts paid, payable by, or available from collateral sources.

11.     Defendant expressly reserves the right to amend this answer. In doing so, Defendant specifically reserves its Federal Rule of Civil Procedure 12(b) defenses.

12.    Defendant expressly reserves the right to assert any and all additional affirmative defenses that discovery may reveal to be appropriate.


Hexion Specialty Chemicals, Inc.


By: /s/ Kara L. McCall
      One of Its Attorneys


Dated:  March 5, 2008

Kara L. McCall
Sarah M. Konsky
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000
Firm No. 42418

## <u>CERTIFICATE OF SERVICE</u>

I, Kara L. McCall, hereby certify that on March 5, 2008, a copy of the foregoing Answer and Separate or Affirmative Defenses to Plaintiff's Complaint was electronically filed. Parties may access this filing through the Court's system. I also caused one copy to be sent via U.S. Mail to the following address, as counsel of record for Plaintiff:

Lisa Kane
LISA KANE & ASSOCIATES, P.C.
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603


/s/ Kara L. McCall
Kara L. McCall