

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DEBORAH SAVAGE, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 0926 |
| ) | |
| vs. ) | Judge Wayne R. Andersen |
| ) | |
| HEXION SPECIALTY CHEMICALS, ) | Magistrate Judge Susan E. Cox |
| INC., ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Deborah Savage ("Savage") and Defendant Hexion Specialty Chemicals, Inc. ("Hexion"), through their respective counsel, having agreed to the entry of this Agreed Protective Order ("Order"), the Court having found good cause for the entry of a protective order, and the Court having been fully advised in the premises, it is hereby ordered as follows:

1. Certain information produced during this action may be deemed "Confidential Materials" by a party. When so identified by a party in accordance with this Order, such information shall be deemed to be Confidential Materials and shall not be disclosed or used except as set forth below.

2. The following materials should be considered Confidential Materials subject to the disclosure provisions of this Order: (a) Personnel and disciplinary records of persons not parties to this action; and (b) Hexion's policies and procedures. Personnel and disciplinary records should be protected in order to

protect the privacy of persons not a party to this action. Hexion's policies and procedures, if disclosed, would disclose trade secrets and/or provide hardship to Hexion or unfair advantage to Hexion's competitors, suppliers, or customers.

3.  In producing a document in this action, the producing party or non-party may designate that document, or any portion of it, or any file containing documents or any portion of any such file, as Confidential Material by typing, writing, or stamping on the face of the document or the file the word "Confidential." If depositions are taken, any party may designate during a deposition or within 20 days after receipt of the deposition transcript, all or portions of the testimony as Confidential Materials by advising opposing counsel of such designation. The reporter shall mark the face of any such transcript or portions thereof "Confidential." The reporter shall not file any such transcript or portions thereof with the Court without prior written direction to do so from the Court or counsel for all parties.

4.  Any party or non-party (including any interested member of the public) may challenge a designation made under Paragraph 3 by written notice of its objection to counsel for the designating party. In the event a designation is challenged, the challenging and designating parties shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within ten (10) days, the party or non-party requesting withdrawal of confidential treatment will be entitled to move for

an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material until the Court rules.

5. In the event that a party or her or its counsel of record in this action desires to disclose Confidential Materials to any person other than those individuals described in Paragraph 13 below for purposes of this action, then the party or counsel wishing to make such disclosure shall give counsel of record for the other party at least seven days' written notice of the desired disclosure and the identity (name, address, and occupation) of each person to whom such disclosure is desired. In the event counsel for the party receiving such notice objects to the desired disclosure, the objection shall be made in writing to counsel for the party giving notice within five days. Counsel shall not unreasonably interpose objections. The parties shall endeavor to negotiate within five days all objections to disclosure sought, but in the event that negotiations fail to resolve objections, upon notice, counsel wishing to make a disclosure may petition the Court for leave to make the desired disclosure. Disclosure shall not be made unless the issue is resolved by the Court favorably to the counsel initiating such petition.

6. All persons to whom Confidential Materials are disclosed pursuant to Paragraphs 13(e) and (f) below and Paragraph 5 above shall be required to sign the agreement attached as Exhibit A to this Order. Counsel for each party shall be responsible for maintaining the signed originals of such agreements and a list of all persons to whom any Confidential Materials are disclosed. Such list shall be

available for inspection by opposing counsel in the same manner and under the same rules as all other discoverable material.

7. Where any Confidential Materials or information derived from Confidential Materials are included in any Court filing, such filing or portion thereof containing or deriving from Confidential Materials shall be "Restricted" pursuant to Local Rules 5.8 and 26.2 and shall be filed under seal pursuant to the applicable Court rules, including but not limited to Local Rules 5.8 and 26.2. This Order shall be considered, for all intents and purposes, the "Restricting Order" (pursuant to Local Rule 26.2) for the two categories of documents identified in Paragraph 2 above.

8. The production by any party of any documents during discovery in this action without a "Confidential" designation shall be without prejudice to any claim that such material should be treated as Confidential Material and such party shall not be held to have waived any such claim by such production. In the event that such production occurs, counsel for the producing party may redesignate the appropriate level of confidentiality which shall thereafter apply to such documents subject to the terms of this Order.

9. A determination as to when and what special procedures, if any, are necessary for handling Confidential Materials subject to this Order at trial or in any hearing shall be deferred until a trial date has been set in this case or until such a hearing, as applicable.

10. The designation of documents or information as Confidential Materials shall not be construed as a waiver of any applicable privilege or other immunities from discovery (including without limitation the attorney-client privilege and the work-product doctrine) or as a concession by the designating party that such information is relevant or material to any issue or is otherwise discoverable or admissible.

11. Any party who receives an order or subpoena for documents that contain Confidential Materials shall immediately notify the opposing party in writing of the order or subpoena and shall not disclose any such documents until the opposing party has been notified and had reasonable time, under the circumstances, to take the appropriate action to protect its interests.

12. This Protective Order shall continue to be binding indefinitely during and after this litigation including, without limitation, any appeals therefrom, unless modified or terminated by Order of this Court. This Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes over alleged violations of this Order or concerning the disposition of Confidential Materials.

13. Persons to whom Confidential Materials are disclosed are prohibited from using or disclosing such Confidential Materials for any purpose other than for the preparation and trial of this action (including without limitation any appeals or other post-trial proceedings). Moreover, except with prior written consent of a

producing party's counsel, Confidential Materials may not be disclosed to any person other than:

   (a)   the Court and its officers;

   (b)   the named parties in this action and their agents and employees;

   (c)   the attorneys of record in this action and the partners, associates, and regular employees of such attorneys' organizations or law firms who are working on this litigation;

   (d)   court reporters transcribing depositions or testimony in this action;

   (e)   expert witnesses or expert consultants for a party; and

   (f)   any non-party deponents or witnesses, only to the extent reasonably necessary in giving their testimony.

The parties shall retain copies of all documents containing Confidential Materials that are provided pursuant to this Order. Upon termination of this action, each party either shall (i) destroy, and certify such destruction by letter to the producing party or non-party, or (ii) return to the producing party or non-party all Confidential Materials, including all copies of such documents, testimony, materials, tangible items, or any other form of information which may have been made. This paragraph shall not be construed to require the return or destruction of any Court papers and exhibits, deposition transcripts and exhibits, or notes or other attorney work product created by an attorney for any party, unless such information contains Confidential Materials or information derived therefrom.

   IT IS ORDERED this 24th day of April, 2008.

6

                                          *[signature]*
The Honorable Wayne R. Andersen
United States District Court for the
Northern District of Illinois

ACKNOWLEDGED AND AGREED TO BY:

| | |
|---|---|
| /s/ Lisa Kane | /s/ Kara L. McCall |
| Lisa Kane | Kara L. McCall |
| LISA KANE & ASSOCIATES, P.C. | Sarah M. Konsky |
| 120 South LaSalle Street | SIDLEY AUSTIN LLP |
| Suite 1420 | One South Dearborn Street |
| Chicago, IL 60603 | Chicago, IL 60603 |
| | |
| Counsel for Plaintiff Deborah Savage | Counsel for Defendant Hexion Specialty Chemicals, Inc. |

# EXHIBIT A

I, _____, residing at _____ have read the foregoing Agreed Protective Order (the "Order") in the action captioned <u>Deborah Savage v. Hexion Specialty Chemicals, Inc.</u>, Case No. 08 C 0926, pending before the United States District Court for the Northern District of Illinois (the "Action"). I agree to be bound by the terms of the Order with respect to any "Confidential Materials" that are furnished to me as set forth in the Order.

     I hereby agree that Confidential Materials that are furnished to me will be used by me only for the purposes of the Action, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own; nor will the information contained therein be imparted by me to any other person other than as permitted in the Order. At the conclusion of this Action, I agree to destroy all Confidential Materials in my possession, and all copies thereof.

_____    _____
Signature                      Date